```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

LORING VAUGHN,                      )
         Plaintiff,                 )
                                    ) Civ. Action No. 17-11367-PBS
         v.                         )
                                    )
US GOVERNMENT AGENCY'S              )
ORGANIZATIONS, et al.,              )
         Defendants.                )
```

MEMORANDUM AND ORDER
July 26, 2017

SARIS, C.D.J.

For the reasons stated below, the Court grants plaintiff's motion for leave to proceed in forma pauperis and denies without prejudice plaintiff's motion for emergency hearing and protective order. This action shall be dismissed within 35 days of the date of this Memorandum and Order unless plaintiff demonstrates good cause why this action should not be dismissed or files an amended complaint that cures the pleading deficiencies of the original complaint.

BACKGROUND

On July 25, 2017, pro se plaintiff Vaughn Loring ("Loring") filed a complaint accompanied by a motion for leave to proceed in forma pauperis. Plaintiff also submitted a one-page motion that the Clerk entered on the docket as a motion for emergency hearing and protective order. The complaint is brought against more than a dozen defendants, including five state court judges,

seeking equitable relief for alleged violation of plaintiff's civil rights. Plaintiff alleges that in 2011 he was prosecuted in Attleboro District Court and he contends various state court judges conspired to bring him to trial. Plaintiff alleges that his "residency" was taken from him "by the US government" and without it, he "can't get Insurance because [he is] not a resident." The complaint seeks to have this Court enroll plaintiff in MassHealth, restore his Massachusetts residency and order the correction of all documents from all involved agencies and organizations. He also asks to be placed into "protective custody considering the severity of the case it involves all government officials."

The one-page, emergency motion states that he is permanently disabled and that his application for MassHealth was denied. He contends that his civil rights were violated by the Attleboro District Court. Plaintiff fears for his safety for lack of residency and inability to obtain medical treatment.

## DISCUSSION

1. Plaintiff's Motion to Proceed In Forma Pauperis

Plaintiff's financial disclosures contained in his Motion for Leave to Proceed in forma pauperis demonstrates that he lacks funds to pay the filing fee for this action. Accordingly,

his Motion for Leave to Proceed in forma pauperis is hereby ALLOWED.

2. Screening of the Complaint

Because plaintiff is proceeding in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In conducting this review, the Court liberally construes the complaint because plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The complaint is also construed in accordance with Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Even under a broad reading of the complaint, however, the Court finds this action is subject to dismissal. As filed, the complaint does not comport with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) governs the substance of a pleading, and requires a plaintiff to include in the complaint, inter alia, "a short and plain

3

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Moreover, as the United States Supreme Court has stated, under Rule 8, a plaintiff must plead more than a mere allegation that the defendants have harmed him.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." quoting Twombly, 550 U.S. at 555).  <u>See</u> <u>Chiang v. Skeirik</u>, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

In the instant case, plaintiff asserts various complaints, but these are raised collectively against more than a dozen defendants.  Plaintiff fails to identify the specific alleged wrongdoings by each defendant which form a legal cause of action, such as the date(s) of the alleged wrongdoing and the circumstances.

In short, by pleading his complaint in the manner he has--collectively asserting claims against the defendants–plaintiff has failed to set forth the "who, what, when, where, or why" type of information necessary to set forth any cognizable claims

against any defendant upon which relief may be granted.  These pleading deficiencies are fatal at this juncture, and the Court cannot permit this action to proceed as pled.

Finally, while plaintiff alleges a "conspiracy" between several state court judges, he fails to provide any factual basis whatsoever to support a conspiracy theory of liability.  Plaintiff's claims against the judicial defendants are barred because of the doctrine of judicial immunity.  The Supreme Court has long recognized a "general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." <u>Stump v. Sparkman</u>, 435 U.S. 349, 355 (citation omitted).  Here, the plaintiff is challenging the members of the state judiciary because of alleged action or inaction performed in their judicial capacities.  Accordingly, the plaintiff's claims against the state judges are barred by the doctrine of judicial immunity.

3.   <u>Plaintiff's Emergency Motion</u>

Plaintiff's emergency motion states that plaintiff fears for his safety.  He complains of his inability to obtain medical

treatment and residency in Massachusetts. He complains of the violation of his civil rights during state criminal proceedings.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. Fed. R. Civ. P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Id. 65(b)(1)(A). Even where a plaintiff makes a showing of "immediate and irreparable" injury, he must also show the reasons why notice to the party to be enjoined should not be required. Id. 65(b)(1)(B). In ruling on a motion for either a preliminary injunction or temporary restraining order, the Court must consider: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effects that the injunction or its denial would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014).

Plaintiff's emergency motion depends on the likelihood of success on plaintiff's civil rights claim. Because plaintiff is

unable to show a likelihood of success on the merits, the emergency motion will be denied.

## CONCLUSION AND ORDER

Based on the foregoing, it is hereby ordered that:

    1.   Plaintiff's motion to proceed in forma pauperis is hereby GRANTED.

    2.   Plaintiff's emergency motion is denied without prejudice.

    3.   This action shall be dismissed within 35 days of the date of this Memorandum and Order unless plaintiff demonstrates good cause why this action should not be dismissed or files an amended complaint that cures the pleading deficiencies of the original complaint.

    4.   Failure to comply with the directives of this Order may result in dismissal of this action.

SO ORDERED.

                                       /s/ Patti B. Saris  
                                       PATTI B. SARIS  
                                       CHIEF UNITED STATES DISTRICT JUDGE