```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

LORING VAUGHN,                    )
        Plaintiff,                )
                                  )  Civ. Action No. 17-11367-PBS
        v.                        )
                                  )
US GOVERNMENT AGENCY'S            )
ORGANIZATIONS, et al.,            )
        Defendants.               )
```

## MEMORANDUM AND ORDER
July 27, 2017

SARIS, C.D.J.

For the reasons stated below, the Court grants plaintiff's motions to amend and/or supplement. This action shall be dismissed unless plaintiff files, on or before August 30, 2017, a second amended complaint that cures the pleading deficiencies of the original and amended complaints.

## BACKGROUND

This action was initiated by pro se plaintiff Vaughn Loring on July 25, 2017. The Court granted plaintiff's motion to proceed in forma pauperis and denied without prejudice his motion for emergency hearing and protective order. See Docket No. 11. The Court advised plaintiff that his complaint will be dismissed unless he demonstrates good cause why it should not be dismissed or files an amended complaint curing the pleading deficiencies of the original complaint. Id.

Plaintiff also filed documents seeking to amend and supplement the original complaint. See Docket Nos. 6-7. The

original complaint names more than a dozen defendants[1] and plaintiff seeks to add additional parties from the Bristol County House of Correction, the North Attleboro Police Department, Brigham and Women's Hospital, Sturdy Memorial Hospital, the Supreme Court, the Taunton Probate Court, the Department of Revenue and the Registry of Motor Vehicles.

## DISCUSSION

Decisions regarding motions to amend and supplement pleadings are both governed under Federal Rule of Civil Procedure 15.  Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his complaint once as of right.  On motion and reasonable notice, the court may, pursuant to Rule 15(d), permit a party to serve a supplemental pleading setting out facts that occur after the filing of the complaint.  At this early stage of litigation, plaintiff may amend as of right.

Because an amended complaint supercedes the original complaint, Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), the amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2).

Even under a broad reading of the amended complaint in conjunction with the original complaint, this action remains

---

[1] The complaint names as defendants five state court judges, the Attleboro District Court, the Clerk's office, the Probation Office, the Chief of Court, the Commonwealth of Massachusetts, North Attleboro Police Detective Dan Ariggi, MassHealth, and US Government Agency's organizations.

subject to dismissal.  Here, the amended complaint and supplement simply list the additional defendants to be added to the original complaint.  Plaintiff names defendants that include private parties, public governments, agencies officials and employees.  As to the doctors, plaintiff states that the "doctors [are] to be named at a later date."  <u>See</u> Docket No. 6.

With the original complaint, plaintiff filed twenty-two pages of exhibits consisting primarily documents from Loring's criminal prosecution in the North Attleboro District Court.  <u>See</u> Docket No. 1-1.  The exhibits include 2015 medical reports from both Brigham and Women's Hospital and Sturdy Memorial Hospital concerning Loring's knee.  Loring also submitted as exhibits the 2016 letter stating that Loring qualified for MassHealth CarePlus as well as the 2015 letter stating that Loring didn't qualify for MassHealth based on his failure to provide timely verification of his residency pursuant to 130 C.M.R. § 502.003(D) (verification of eligibility factors).

As in the original complaint, plaintiff again fails plead the factual allegations and claims in the manner required by the Federal Rules of Civil Procedure.  To prevail on a civil rights claim pursuant to 42 U.S.C. § 1983, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See <u>West v.</u>

3

Atkins, 487 U.S. 42, 48 (1988).  To the extent plaintiff brings suit against the United States, the Supreme Court has limited Bivens[2] to claims of constitutional violations by federal officers.

Moreover, a person convicted of a crime may not raise claims under § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994).

To the extent plaintiff brings suit against two hospitals, private conduct, no matter how wrongful, is generally beyond the reach of Section 1983. González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247-48 (1st Cir. 2012); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  Thus, the hospitals would not ordinarily fall under the "color of state law" within the meaning of Section 1983.

Further, while plaintiff alleges a "conspiracy" between several state court judges, he fails to provide any factual basis whatsoever to support a conspiracy theory of liability.

---

[2] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, the Supreme Court created a federal cause of action for money damages against federal agents for alleged constitutional violations. 403 U.S. 388, 397 (1971).

Even so, plaintiff's claims against the judicial defendants are barred because of the doctrine of judicial immunity.

If the plaintiff would like to pursue this action, he will be granted an opportunity to file a second amended complaint that cures the above-discussed pleading deficiencies.  Any second amended complaint must be complete in all respects and set forth factual allegations and legal claims in a manner that can be reviewed by the Court and answered by the defendants.  It must also recite factual allegations sufficient to raise his claimed right to relief beyond the level of mere speculation; contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); set forth averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1); and state such averments in separately-numbered paragraphs describing the date and time of the events alleged and identifying wherever possible the specific participants in the acts about which he complains.  In regard to a civil rights claim, plaintiff must aver facts indicating the personal involvement of each defendant in the alleged wrongdoing, and a basis for finding that each defendant acted under color of law.

Accordingly, it is hereby ordered that plaintiff's motions to amend and/or supplement are granted.  This action shall be dismissed unless plaintiff files, on or before August 30, 2017, a second amended complaint that cures the pleading deficiencies

of the original and amended complaints.  Failure to comply with the directives of this Memorandum and Order will result in dismissal of this action.

SO ORDERED.

                                       /s/ Patti B. Saris  
                                      PATTI B. SARIS  
                                      CHIEF UNITED STATES DISTRICT JUDGE